c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HAMILTON BYNOG, Plaintiffs | CIVIL ACTION NO. 1:18-CV-00902 |
| VERSUS | JUDGE DRELL |
| MICKEY DOVE, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court are: (1) a Rule 4(m) Motion for Dismissal for Failure to Make Timely Service ("Rule 4(m) Motion to Dismiss") (Doc. 17), filed by Defendant William D. Dyess ("Dyess"); (2) a Rule 12(b)(6) Motion for Dismissal of Complaint for Failure to State a Claim Upon Which Relief Can be Granted ("Rule 12(b)(6) Motion to Dismiss"), also filed by Dyess (Doc. 17); (3) a Rule 12(b)(6) Motion to Dismiss and/or for Summary Judgment ("Motion to Dismiss") (Doc. 23), filed by Defendant Billy Joe Harrington ("Harrington"); and (4) a Motion to Stay (Doc. 31), filed by Plaintiff Hamilton Bynog ("Bynog").

Bynog opposes Harrington's Motion to Dismiss (Doc. 23). (Doc. 34). Harrington replied. (Doc. 35). Bynog has not filed an opposition to Dyess's Rule 12(b)(6) Motion to Dismiss (Doc. 17). Bynog's Motion to Stay (Doc. 31) is unopposed.

Because the Court granted Bynog an extension of service authorizing the delay of service on Dyess, Dyess's Rule 4(m) Motion to Dismiss (Doc. 17) should be DENIED AS MOOT. Because there are no § 1983 claims against Dyess, Dyess's Rule 12(b)(6) Motion to Dismiss (Doc. 17) should be DENIED. Harrington's Motion to Dismiss

1

(Doc. 23) should be GRANTED IN PART and DENIED IN PART. Because Bynog fails to state a claim for relief against Harrington under § 1983 or state tort law, Harrington's Motion to Dismiss (Doc. 23) should be GRANTED IN PART. But because Bynog does not assert any claims against Harrington that imply the invalidity of his conviction under Heck v. Humphrey, 512 U.S. 477 (1994), Harrington's Motion to Dismiss (Doc. 23) should be DENIED IN PART.

And finally, because Bynog's Motion to Stay (Doc. 31) is unopposed and his claims against Dove and Wilkerson imply the invalidity of his conviction under Heck, Bynog's Motion to Stay (Doc. 31) is GRANTED IN PART as to his claims against Dove and Wilkerson.

I. Background

On July 10, 2018, Bynog filed a *pro se*[1] Complaint under 42 U.S.C. § 1983 regarding an incident following a hearing on a domestic matter at the Natchitoches Parish Courthouse on July 18, 2017. (Doc. 1). Bynog named the following Defendants: (1) City Natchitoches Chief of Police Mickey Dove ("Dove"), in both his official and individual capacity; (2) Deputy Sheriff Phillip Wilkerson ("Wilkerson"), in both his official and individual capacity; (3) Natchitoches Parish District Attorney Billy Joe Harrington ("Harrington"), in his official capacity; (4) Attorney Dan Dyess

---

[1] Bynog is now represented by counsel. (Doc. 22).

("Dyess"); (5) Natchitoches Parish Sheriff Victor Jones ("Jones"); and (6) Brooke Williams ("Williams")[2] (collectively, "Defendants"). (Doc. 1, pp. 3-4).

Bynog asserts claims under § 1983 against Dove, Wilkerson, and Williams. (Doc. 1, pp. 5-7). Bynog claims Dove and Wilkerson engaged in a deliberate, outrageous, and violent take-down in violation of his Fourteenth Amendment rights and § 1983, misused and abused official power granted in their official duties, and engaged in conduct with malice and reckless or callous indifference to his constitutional and statutory rights. (Doc. 1, p. 5). Bynog contends Williams violated his rights under the Fourteenth Amendment and § 1983 for her deliberate and outrageous posting of the incident to Instagram before Bynog was charged with any crime, and that she misused and abused power granted to her in her official duties and engaged in conduct with malice and reckless or callous indifference to his constitutional and statutory rights. (Doc. 1, p. 7).

Bynog asserts supplemental state law tort claims against Harrington, Dyess, and Jones. (Doc. 1, p. 6). Bynog asserts claims against Harrington under La. Civ. Code art. 2315 for failure to properly train his employees and *respondeat superior*. (Doc. 1, p. 6). Bynog asserts a claim against Dyess under La. Civ. Code art. 2315 for negligently failing to verbally inform Judge Sylvester that Bynog did not threaten him, which led to his violent arrest and losing custody of his son. (Doc. 1, p. 6). Bynog asserts a claim against Jones under La. Civ. Code art. 2315 for failure to train his

---

[2] Bynog did not specify whether his claims against Williams are in both her individual and official capacities. (Doc. 1, p. 7). Construing Bynog's Complaint liberally in Bynog's favor, the Court presumes Bynog sues Williams in both her individual and official capacities.

3

nurse employee to follow the Judge's order to allow Bynog's medication in the detention center, and under *respondeat superior*. (Doc. 1, p. 6). Bynog further asserts a claim against Jones for filing a police report defaming his good name and injuring his businesses. (Doc. 1, p. 6).

Bynog contends that on July 18, 2017, he was at the Natchitoches Parish Courthouse for a community property and custody hearing before Judge Lala Sylvester ("Judge Sylvester") involving his ex-wife Deanna Bynog ("Deanna"). (Doc. 1, p. 1). Bynog claims Judge Sylvester accused him of threatening his attorney. Bynog further asserts his son and his sister were leaving the courthouse and Judge Sylvestor told the bailiff to get his son. (Doc. 1, p. 1). Bynog claims the bailiff ordered his sister to leave the courthouse. (Doc. 1, p. 1).

Bynog contends he was unaware any of this was taking place, he left out of the first-floor stairwell, and went to his truck beside Dyess's law office. (Doc. 1, pp. 1-2). Bynog wondered where his son and sister were, began to walk back to the courthouse, and saw his sister come out of the courthouse stating, "they took him." (Doc. 1, p. 2). Bynog asserts he returned to the courthouse to retrieve his minor child. (Doc. 1, p. 2).

Bynog claims that as he was running into the hallway, he collided with Wilkerson and Dove who started choking him while he and his son held on to each other. (Doc. 1, p. 2). Bynog asserts he was violently taken down to the floor and wrongfully arrested. (Doc. 1, p. 2). He claims his head was slammed against a wall and he was tased four times. (Doc. 1, p. 2). Bynog further claims his son was placed

in handcuffs for not leaving without his dad and brought back into the courtroom. (Doc. 1, p. 2). Bynog asserts he was taken to the hospital and his son was brought back in front of Judge Sylvester to say why he did not want to leave with his mother. (Doc. 1, p. 2).

Bynog contends Judge Sylvester offered for his son to go with his grandmother, Bynog's ex-mother-in-law. (Doc. 1, p. 2). Bynog claims Judge Sylvestor informed his son that his dad had been arrested and he had to go with his grandmother. (Doc. 1, p. 2). Bynog further claims Judge Sylvester asked his attorney if Bynog had threatened him and the attorney said no. (Doc. 1, p. 2). Bynog claims Judge Sylvester took the answer as a yes and proceeded with a change of custody without Bynog being present. (Doc. 1, p. 2). Judge Sylvester gave custody to the maternal grandmother. (Doc. 1, p. 2). Bynog contends he was taken to the hospital, received his medication, and was taken to the detention center. (Doc. 1, p. 3). Bynog asserts his sister brought his medication to the facility, as allowed by Judge Sylvester, but a nurse named Theresa would not allow his sister to leave the outside medicine. (Doc. 1, p. 3).

Bynog claims that Williams – Harrington's employee, while reviewing a video of the incident in the District Attorney's office – recorded the video to her mobile phone and posted it on Instagram to embarrass and humiliate Bynog. (Doc. 1, p. 4). Bynog asserts Harrington is liable for his employees' actions as he failed to properly train them on the use of investigative materials and protecting the privacy of those presumed innocent until proven guilty. (Doc. 1, pp. 4-5).

Bynog contends he suffered physical injuries, psychological injuries, humiliation, and embarrassment. (Doc. 1, p. 5). Bynog seeks compensatory damages against Defendants, punitive damages against Dove, Wilkerson, and Williams, and attorney's fees and costs. (Doc. 1, p. 7).

On July 18, 2018, Bynog filed a *pro se* First Amended and Supplemental Complaint (Doc. 3), to amend the captioned plaintiff to "Hamilton Bynog, Indiv. And Hamilton Bynog o/b/o Weston William Bynog." (Doc. 3, p. 1). Bynog amended to add that Weston Williams Bynog ("Weston") is his minor child, and to assert damages against Dove, Wilkerson, and Jones on behalf of Weston for mental anguish suffered as a result of the incident. (Doc. 3, p. 1).

Jones, Wilkerson, and Dove answered the original Complaint, asserting various affirmative defenses. (Docs. 8, 9). Dyess seeks dismissal for failure to effect service under Rule 4(m) and for failure to state a claim under Rule 12(b)(6). (Doc. 17). Harrington seeks dismissal and/or summary judgment of Bynog's civil action based on preclusion under Heck, and for failure to state a claim under Rule 12(b)(6). (Doc. 23). During the pendency of Dyess's motions, counsel enrolled on Bynog's behalf and was granted an extension of time to effect service. (Doc. 20). Bynog seeks to stay the proceedings pending the appeal of Bynog's criminal conviction underlying this action. (Doc. 31).

## II. Law and Analysis

### A. Standards governing the 12(b)(6) Motion to Dismiss.

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter accepted as true," to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plausibility does not equate to possibility or probability; it lies somewhere in between. Id. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. See Twombly, 550 U.S. at 556. A court must view all well-pleaded facts in the light most favorable to the plaintiff. Yumilicious Francise, L.L.C. v. Barrie, 819 F.3d 170, 174 (5th Cir. 2016).

Although a court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. Iqbal, 556 U.S. at 678. A pleading comprised of labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement, will not stand. Id. Similarly, where the well-pleaded facts do not

7

permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief. Id. at 679.

In determining whether a complaint states a plausible claim for relief, a court draws on its judicial experience and common sense. Id. In considering a motion to dismiss, a court can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Id.

### B. 42 U.S.C. § 1983.

Under 42 U.S.C. § 1983, "[e]very person who, under color of [State law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Thus, "[a] claim under 42 U.S.C. § 1983 has two foundational elements: 'a violation of the Constitution or of federal law, and . . . that the violation was committed by someone acting under color of state law.'" Webb v. Town of Saint Joseph, 925 F.3d 209, 214 (5th Cir. 2019) (quoting Rich v. Palko, 920 F.3d 288, 293-94 (5th Cir. 2019)).

### C. Dyess's Rule 4(m) Motion to Dismiss (Doc. 17) should be denied as moot.

On March 8, 2019, Dyess moved for dismissal under Rule 4(m) for failure to make timely service within 90 days and for failure to request an extension within 14

days of the Court's Notice of Intent to Dismiss.[3] (Doc. 17, p. 1). Dyess further argues Bynog fails to state a claim under § 1983 against him. (Doc. 17, pp. 4-6).

After counsel enrolled for Bynog, and in response to Dyess's Rule 4(m) motion, Bynog sought authorization for the late service, styled as a "Motion for Extension of Time to Perfect Service." (Doc. 20). Bynog perfected service on Dyess on January 24, 2019. (Doc. 16). The undersigned granted Bynog's request for an extension of time, retroactively authorizing the delay in service. (Doc. 29). Thus, Dyess' Rule 4(m) Motion to Dismiss (Doc. 17) is MOOT.

### D. Dyess's Rule 12(b)(6) motion (Doc. 17) should be denied.

Dyess also seeks dismissal under Rule 12(b)(6) for failure to state a claim under § 1983 against him. (Doc. 17, pp. 4-6). Bynog asserts a supplemental state law tort claim against Dyess under La. Civ. Code art. 2315, alleging that Dyess "negligently failed to speak up verbally and tell Judge Sylvester that he is not threaten[sic] him which led to his violent arrest and having his minor child taken away from him." (Doc. 1, p. 6). Bynog's amendment adds no additional claims against Dyess. (Doc. 3). Accordingly, there are no § 1983 claims asserted against Dyess. Dyess's Rule 12(b)(6) Motion to Dismiss (Doc. 17) should be DENIED.

---

[3] On February 20, 2019, the Clerk of Court issued a Notice of Intent to Dismiss for Failure to Prosecute under Local Rule 41.3 as to Dyess and Williams for Bynog's failure to effect service of the summons and complaint within 90 days of filing the action. (Doc. 10). The notice provided Bynog should file a motion for extension within 14 days supporting good cause for failure to effect service. (Doc. 10).

E.  **Harrington's Rule (12)(b)(6) Motion to Dismiss (Doc. 23) should be granted in part and denied in part.**

Harrington seeks dismissal and/or summary judgment of Bynog's action under Heck, 512 U.S. 477, and for failure to state a claim against him in his official capacity. (Doc. 23).

1.  **To the extent Bynog asserts § 1983 claims against Harrington for failure to train and under *respondeat superior*, those claims should be dismissed for failure to state a claim.**

Harrington seeks dismissal of Bynog's claims for failure to train and under *respondeat superior*. (Doc. 23, p. 4). Although Bynog did not assert claims against Harrington under § 1983, Bynog asserts § 1983 claims against Williams, Harrington's employee, and asserts claims against Harrington in his "official capacity" only. (Doc. 1, p. 7).

Bynog brings a supplemental state law tort claim against Harrington for failure to properly train his employees "on the proper use of investigative materials and on protecting the privacy of those who are presumed innocent until proven guilty." (Doc. 1, p. 6). Bynog contends Harrington is liable under La. Civ. Code art. 2315 and under the doctrine of *respondeat superior*. (Doc. 1, p. 6). There are no other allegations pertaining to Harrington in the Complaint, as amended. (Docs. 1, 3).

"For purposes of 'official capacity' suits under § 1983, the district attorney's office resembles other local government entities." Burge v. Par. of St. Tammany, 187 F.3d 452, 470 (5th Cir. 1999). Under § 1983, a municipality may not be liable under *respondeat superior* for its employees' actions absent the enactment of a municipal

10

policy. Monell, 436 U.S. at 691. "Section 1983 does not create supervisory or *respondeat superior* liability." Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002).

"It is well-established that a municipality's failure to train its [employees] can give rise to § 1983 liability." Westfall v. Luna, 903 F.3d 534, 552 (5th Cir. 2018). To prevail on failure to train claim, "a plaintiff must demonstrate: (1) that the municipality's training procedures were inadequate, (2) that the municipality was deliberately indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused the violations in question." Zarnow v. City of Wichita Falls, Tex., 614 F.3d 161, 170 (5th Cir. 2010).

Bynog alleges, in conclusory fashion, that Harrington failed to properly train his employees on the proper use of investigative materials and on protecting the privacy of individuals. (Doc. 1, p. 6). Bynog's Complaint, as amended, contains no other allegations pertaining to specifics concerning training policies. (Docs. 1, 3). To the extent Bynog's allegations against Harrington in his official capacity may be construed as § 1983 claims, Bynog fails to state a claim under § 1983 against Harrington under *respondeat superior* or failure to train.

### 2. Harrington's Motion to Dismiss (Doc. 23) Bynog's state law tort claim against him should be granted.

Harrington seeks dismissal of Bynog's state law tort claims against him for failure to train and under *respondeat superior*.[4] (Doc. 23-1, pp. 5-9). Bynog provides

---

[4] Harrington also seeks dismissal of Bynog's claims pertaining to violation of his privacy through Williams's posting of the arrest video to social media. (Doc. 23-1, pp. 5-9). Although Bynog does assert a cause of action for invasion of his right to privacy, Bynog asserts Bynog's right to privacy was violated due to posting his arrest on a social media website. (Doc. 34, p. 8). Citing Paul v. Davis, 424 U.S. 693 (1976), Harrrington asserts Bynog has no privacy right

11

little argument as to his state law tort claim other than to say it derives from the "same nucleus of operative facts," then invoking the Court's supplemental jurisdiction under 28 U.S.C. § 1367. (Doc. 34, p. 8). There are no other substantive allegations pertaining to Harrington in the Complaint, as amended. (Docs. 1, 3).

Louisiana law provides that an employer may be vicariously liable for the tortious acts of his employee if the acts occurred while the employee was in the course and scope of his employment. La. Civ. Code art. 2320. "Under the Louisiana Constitution and laws, a district attorney, like a sheriff, is virtually an autonomous local government official." Burge, 187 F.3d at 469 (citations omitted). The Fifth Circuit has held that Louisiana tort law does not recognize the same limitations on vicarious liability found in § 1983 jurisprudence. Deville v. Marcantel, 567 F.3d 156, 173 (5th Cir. 2009) ("Municipalities do not enjoy special protection from vicarious liability under Louisiana law and are subject to *respondeat superior* like every other employer.").

However, Bynog fails to assert factual allegations sufficient to support a claim for relief against Harrington under state law. Bynog merely alleges a conclusory statement that Harrington failed to properly train his employees. (Doc. 1, p. 6).

---

under federal or state law preventing the disclosure of the video of Bynog's arrest, a public record of a public event occurring in a public place. (Doc. 23-1, p. 6). Bynog asserts a conclusory claim against Harrington for failure to train Williams resulting in violation of his right to privacy due to the posting of the video. (Doc. 1, p. 6). A pleading comprised of labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement, will not stand. Iqbal, 556 U.S. at 678. Because Bynog fails to state a claim for relief as to a right of privacy, Harrington's Motion to Dismiss (Doc. 23) Bynog's allegations for violations of his right to privacy should be granted.

Harrington's Motion to Dismiss (Doc. 23) Bynog's state law tort claims should be granted.

### 3. Harrington's Motion to Dismiss (Doc. 23) Bynog's action under Heck should be denied, and Bynog's Motion to Stay (Doc. 31) should be granted in part.

Harrington contends Heck precludes Bynog's action, as Bynog was convicted on charges regarding the same incident. (Doc. 23-1, pp. 3-4). Harrington argues Bynog fails to acknowledge his conviction. (Doc. 23). Harrington asks the Court to take judicial notice of Bynog's conviction. (Doc. 23, pp. 1-4). Because Harrington submits a Declaration showing Bynog was convicted as a result of the underlying incident, Harrington alternatively asks for summary judgment. (Doc. 23, pp. 1-4).

In his opposition, Bynog admits his apprehension and arrest led to a conviction, which Bynog contends is currently on appeal before the Louisiana Third Circuit Court of Appeal. (Doc. 31-1, pp. 2-4; 34, p.4). Bynog contends his action is not precluded by Heck. (Doc. 31, pp. 6-7; Doc. 34, pp. 6-7). However, Bynog seeks a stay of the proceedings pending his appeal on the basis that the result of the appeal will impact his claim. (Doc. 31, p. 2; Doc. 34, p. 7).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Id.; Norris v. Hearst Trust, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) (citation omitted). The Court may take judicial notice of the contents

13

of public records on a Rule 12(b)(6) motion without converting the motion to one for summary judgment. See Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011); see also Fed. R. Evid. 201. Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-499 (5th Cir. 2000).

The Court takes judicial notice of Bynog's criminal proceeding and conviction, which are matters of public record. See Fed. R. Evid. 201; see also State v. Bynog, 2019-150 (La. App. 3 Cir. 5/22/19), 2019 WL 2205568. On June 12, 2018, Bynog was convicted of two counts of resisting an officer in violation of La. R.S. 14:108 (a misdemeanor) and one count of battery of a police officer in violation of La. R.S. 14:34.2(B)(1) (a misdemeanor). Id. On May 22, 2019, the Louisiana Third Circuit Court of Appeal dismissed Bynog's appeal upon finding it lacked appellate jurisdiction. Id. Bynog was permitted to file an application for supervisory writs no later than 30 days from the date of their decision. Id. There is no record showing that Bynog's conviction has been reversed, expunged, or declared invalid.

The Fifth Circuit has made clear that a claim which does not imply the invalidity of an underlying conviction or sentence, and is not otherwise barred, does not violate the Heck favorable termination rule, and may proceed. Smith v. Hood, 900 F.3d 180, 185 (5th Cir. 2018). The court described this distinction as follows:

> However, "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit." Heck, 512 U.S. at

14

487, 114 S.Ct. 2364. Determining whether a particular claim is barred by Heck is "analytical and fact-intensive" and requires the court to consider the specifics of the individual claim. Bush v. Strain, 513 F.3d 492, 497 (5th Cir. 2008). We conduct this analysis by assessing whether a claim is "temporally and conceptually distinct" from the related conviction and sentence. See, e.g., id. at 498. We ask whether the claims are "necessarily inconsistent" with the conviction, or whether they can "coexist" with the conviction or sentence without "calling [it] into question." Ballard, 444 F.3d at 400–01. Claims that challenge conditions of confinement, but not the fact or length of the sentence, are not barred by Heck.

Id.

Having reviewed the record, Bynog's allegations against Harrington do not imply the invalidity of his conviction because they pertain only to failure to train. Thus, Harrington's Rule 12(b)(6) Motion to Dismiss (Doc. 23) Bynog's action against him should be denied.

The only allegations in the Complaint which imply the invalidity of Bynog's convictions are those against Dove and Wilkerson regarding the force used in a "take-down" of Bynog during the July 18, 2017 incident. (Doc. 1, p. 5). La. R.S. 14:108 defines the offense of resisting an officer as "the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest, lawful detention, or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, detaining, seizing property, or serving process is acting in his official capacity." La. R.S. 14:108(A). La. R.S. 14:34.2 defines the offense of battery of a police officer as "a battery committed without the consent

15

of the victim when the offender has reasonable grounds to believe the victim is a police officer acting in the performance of his duty." La. R.S. 14:34.2(A)(1).

Bynog argues his § 1983 challenges the use of force used in his unlawful arrest. (Doc. 34, p. 6). Bynog states, "although these allegations could change the outcome of Mr. Bynog's conviction, it is not a certainty." (Doc. 34, p. 7). Bynog contends a legal arrest can be made without excessive force and abuse of power. (Doc. 34, p. 7). Bynog contends that Heck does not apply. (Doc. 34, p. 7). However, if Bynog prevails on his claims against Dove and Wilkerson, it implies that his criminal convictions for resisting an officer and battery of an officer are invalid. Claims for excessive force may be barred by Heck if such claims would imply the invalidity of a conviction for resisting arrest. See Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996).

Bynog requests a stay pending his appeal of his criminal conviction should the Court find Heck applies. Bynog's appeal is no longer pending and was dismissed. State v. Bynog, 2019 WL 2205568. Yet, it is not clear whether Bynog filed an application for supervisory writs. Given Bynog's unopposed request for a stay, and a determination that Bynog's criminal proceedings may still be ongoing, the Court recommends Bynog's claims as to Dove and Wilkerson be stayed.

### III. Conclusion

Because the Court granted authorization for the late service of Dyess; because no § 1983 claims are asserted against Dyess; because Bynog fails to state § 1983 or state law claims against Harrington for failure to train and *respondeat superior*; because Bynog does not assert any claims against Harrington that imply the

invalidity of his conviction under Heck; and because Bynog seeks an unopposed stay pending adjudication of his underlying criminal conviction;

IT IS RECOMMENDED that Dyess's Rule 4(m) Motion to Dismiss (Doc. 17) be DENIED AS MOOT.

IT IS FURTHER RECOMMENDED that Dyess's Rule 12(b)(6) Motion to Dismiss (Doc. 17) be DENIED.

IT IS FURTHER RECOMMENDED that Harrington's Rule 12(b)(6) Motion to Dismiss and/or Motion for Summary Judgment (Doc. 23) be GRANTED IN PART and DENIED IN PART. To the extent Harrington seeks dismissal of Bynog's § 1983 claims and state law claims for failure to train and *respondeat superior*, Harrington's motion should be GRANTED. To the extent Harrington seeks dismissal under Heck, Harrington's motion should be DENIED.

IT IS FURTHER RECOMMENDED that Bynog's Motion for Stay (Doc. 31) be GRANTED IN PART and DENIED IN PART. Bynog's claims against Dove and Wilkerson should be STAYED.

IT IS FURTHER RECOMMENDED that Bynog's remaining claims against Harrington be DISMISSED WITHOUT PREJUDICE to his right to potentially amend in the future.

IT IS FURTHER RECOMMENDED that this matter be set for a status conference 30 days after the Court's ruling on this Report and Recommendation.

IT IS FURTHER RECOMMNEDED that, if the foregoing recommendations are adopted, the Court note the following claims remain pending:

(1)   § 1983 claims against Dove, in his individual and official capacities;
(2)   § 1983 claims against Wilkerson, in his individual and official capacities;
(3)   § 1983 claims against Williams, in her individual and official capacities;[5]
(4)   State law tort claims against Dyess; and
(5)   State law tort claims against Jones.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 24th day of October 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

[5] Construing Bynog's Complaint liberally in Bynog's favor, the Court presumes Bynog asserts claims against Williams in both her individual and official capacities.

18