UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HAMILTON BYNOG, Plaintiff | CIVIL ACTION NO. 1:18-CV-00902 |
| VERSUS | JUDGE DRELL |
| MICKEY DOVE, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## AMENDED JUDGMENT

For purposes of clarification only – specifically, to specify that all claims against Defendant Billy J. Harrington are dismissed without prejudice – the Court's Judgment (Doc. No. 37) adopting the Magistrate Judge's Report and Recommendation (Doc. No. 36) is hereby VACATED and WITHDRAWN, and this Amended Judgment is hereby ENTERED.

For the reasons contained in the Report and Recommendation of the Magistrate Judge previously filed herein, after independent (*de novo*) review of the record, noting the absence of objections thereto, and concurring with the Magistrate Judge's findings under the applicable law;

IT IS ORDERED that Defendant Dan Dyess's Rule 4(m) Motion to Dismiss (Doc. No. 17) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Dyess's Rule 12(b)(6) Motion to Dismiss (Doc. 17) is DENIED.

IT IS FURTHER ORDERED that Defendant Billy J. Harrington's Rule 12(b)(6) Motion to Dismiss and/or Motion for Summary Judgment (Doc. No. 23) is GRANTED IN PART and DENIED IN PART. The Court resolves the Motion under

Fed. R. Civ. P. 12(b)(6). To the extent Harrington seeks dismissal of Bynog's § 1983 claims and state law claims (for failure to train and *respondeat superior* liability) because Bynog failed to state claims for which relief could be granted (and not under Heck), Harrington's Motion is GRANTED, and all of Bynog's claims against Harrington are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Bynog's incorporated Motion for Stay (Doc. 31) is GRANTED IN PART, and Bynog's claims against Dove and Wilkerson are STAYED. The Motion for Stay (Doc. 31) is DENIED IN PART in all other respects.

Finally, the Court notes that, of Bynog's initial claims, following remain pending:

1. § 1983 claims against Dove in his individual and official capacities (stayed);
2. § 1983 claims against Wilkerson in his individual and official capacities (stayed);
3. § 1983 claims against Williams, in her individual and official capacities;
4. state law tort claims against Dyess; and
5. state law tort claims against Jones.

THUS ORDERED AND SIGNED in chambers in Alexandria, Louisiana on this 22nd day of January 2020.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT